IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DALE BORING**, | Case No. 3:23-cv-1611-YY |
| Plaintiff, | **ORDER** |
| v. | |
| **MARTIN O'MALLEY**, Commissioner of Social Security, in his official capacity,[1] **UNITED STATES SOCIAL SECURITY ADMINISTRATION**, **GAIL ENNIS**, Inspector General of the United States Social Security Administration, in her official and personal capacity, **DONALD JEFFERSON**, Assistant Inspector General for Investigations, Social Security Administration Office of the Inspector General, in his official and personal capacity, **MICHELLE MURRAY**, Chief Counsel of the Social Security Administration Office of the Inspector General, in her official and personal capacity, and **AURELIA MOORE**, Lead Counsel of the Social Security Administration Office of the Inspector General, in her official and personal capacity, | |
| Defendants. | |

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes Martin O'Malley, the Commissioner of Social Security, for Kilolo Kijakazi, the then-Acting Commissioner originally named by Plaintiff.

PAGE 1 – ORDER

**Michael H. Simon, District Judge.**

United States Magistrate Judge Youlee Yim You issued Findings and Recommendation in this case on November 18, 2024. Judge You recommended that this Court grant Defendants' motion to dismiss for lack of subject matter jurisdiction and dismiss this case with prejudice.

Under the Federal Magistrates Act ("Act"), the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

If no party objects, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise").

Although review is not required in the absence of objections, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the court review the magistrate judge's findings and recommendations for "clear error on the face of the record."

No party having made objections, the Court follows the recommendation of the Advisory Committee and reviews Judge You's Findings and Recommendation for clear error on the face of the record. No such error is apparent.

PAGE 2 – ORDER

The Court ADOPTS Judge You's Findings and Recommendation, ECF 35. The Court GRANTS Defendants' Motion to Dismiss Plaintiff's Complaint, ECF 37. The Court DISMISSES this case with prejudice.

**IT IS SO ORDERED.**

DATED this 20th day of December, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge
